IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Respondent,     ) | |
| ) | Criminal No.:2:03-225 |
| v.     ) | |
| ) | **ORDER** |
| LEROY RICARDO SMALLS,     ) | |
| ) | |
| Petitioner.     ) | |
| _____) | |

This matter is before the court upon Leroy Ricardo Smalls ("Smalls") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the court denies Smalls' motion for a reduction of sentence.

## BACKGROUND

On March 31, 2003, Smalls pleaded guilty to the sole count in the indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] In his motion for a reduction of sentence, Smalls asserts that pursuant to Amendment 599 to the United States Sentencing Guidelines Manual, the four-level enhancement he received under U.S.S.G. § 2K2.1(b)(5) was "impermissible double counting." (Mot. at 1-2.) Therefore, he asks the court to recalculate his sentence without the four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

## DISCUSSION

Section 3582 (c)(2) provides the following:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based

---

[1] At the time of his arrest following a traffic stop, Smalls had a .22 caliber revolver in his pocket and a medicine bottle containing seven pieces of crack cocaine in his glove compartment. (Presentence Report at ¶ 9.) Smalls' Plea Agreement states that he agrees to plead guilty to Count 1 of the indictment, charging him with a violation of 28 U.S.C. § 922(g)(1).

> on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

In considering a motion for resentencing under § 3582, the court has discretion to determine whether it will elect to impose the newly-calculated sentence under the amended guidelines or to retain the original sentence. *See United States v. Turner*, 59 F.3d 481, 483-84 (4th Cir. 1995) (recognizing that the application of a retroactive amendment is discretionary). This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a). *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

Amendment 599 to the Sentencing Guidelines went into effect on November 1, 2000, and it expanded the commentary to U.S.S.G. § 2K2.4 on the use of a firearm during or in relation to the commission of certain crimes. Specifically, Amendment 599 addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of § 18 U.S.C. § 924(c). *See* United States Sentencing Guidelines Manual, App. C, Vol. II (2003). Amendment 599 was made retroactive pursuant to § 1B1.10.

In the case *sub judice*, Smalls pleaded guilty to the sole count in his indictment, charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was not charged with violating 18 U.S.C. § 924(c), and he was not sentenced based on guidelines germane to 18 U.S.C. § 924(c). Thus, "Amendment 599 does not apply to or modify the guidelines under which he was sentenced." *United States v. Jacobs*, 2006 WL 41234, *2 (3rd Cir. Jan. 6, 2006) (unpublished); *see also United States v. Bennett*, 42 Fed.Appx. 611 (4th Cir. Aug. 1, 2002) (finding the district court's denial of a

motion for reduction of sentence proper because Amendment 599 did not apply to Bennett's guilty plea to violations of 18 U.S.C. §§ 922(u), 922(g)(1), and 922(j)) (unpublished); *United States v. Morrison*, 131 Fed.Appx. 46 (5th Cir. Apr. 20, 2005) (finding Amendment 599 inapplicable where Morrison pleaded guilty to violating 18 U.S.C. § 922(g)(1)) (unpublished); *United States v. Chaney*, 61 Fed.Appx. 919 (5th Cir. Feb. 19, 2003) (finding Amendment 599 inapplicable to a violation of 18 U.S.C. §§ 922(g) and 924(a)(2), where the sentencing was computed under U.S.S.G. § 2K2.1(b)(4), not U.S.S.G. § 2K2.4) (unpublished).  Ultimately, because the court finds Amendment 599 inapplicable to this case, the court denies Smalls' motion for a reduction of sentence.

## CONCLUSION

It is therefore,

**ORDERED,** for the foregoing reasons, that Smalls motion for reduction of sentence is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 9, 2006**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  *See* Fed. R. App. P. 3-4.

3